WILLIAM R. SCHREIBER, petitioner. No. 87-258. May 18, 1988. *Extradition and Rendition.*

The petitioner was arrested on a warrant issued by the Governor of Massachusetts pursuant to a demand for rendition by the Governor of Connecticut. The demand stated that the petitioner "stands charged with the crime of violation of the conditions of his probation which I certify to be a crime under the laws of this State."

In his appeal from the denial of his petition for a writ of habeas corpus by a judge of the Superior Court, the petitioner urges that the rendition documents are insufficient under G. L. c. 276, § 14, because he is charged with a violation of probation rather than with a separate crime. For a violation of probation, he argues, G. L. c. 276, § 14, requires the rendition papers to include a copy of the judgment of conviction or of the sentence imposed. The Commonwealth, on the other hand, argues that, in this case, Connecticut has two methods of seeking rendition: one, by alleging the

petitioner has committed a crime, which the Commonwealth argues Connecticut has done here; or two, by alleging that the petitioner has broken the terms of his probation. Only if Connecticut proceeds under the second method is a copy of the judgment or sentence necessary.

The petitioner conceded in the Superior Court and does not claim otherwise on appeal that, to the extent the Connecticut statute under which he was charged, Conn. Gen. Stat. § 53a-32 (1987), states a crime, the rendition documents and the procedure followed were in order. The petitioner seeks to have us analyze the statute set forth in the appendix with other Connecticut statutes to reach the conclusion that the offense set forth in § 53a-32 constitutes a "violation" under Connecticut law but not a crime.[1]

We do not think this course is open to us. One of the four issues listed in *Michigan* v. *Doran*, 439 U.S. 282, 289 (1978), as open for consideration under 18 U.S.C. § 3182 (1982), the provision providing for interstate rendition, before a fugitive is delivered to a demanding State is "whether the petitioner has been charged with a crime in the demanding state." However, *California* v. *Superior Court*, 482 U.S. 400, 410-411 (1987), has shown that inquiry to be a limited one. In *California, supra,* it was highly doubtful that a crime had been committed in Louisiana, the demanding State. Nevertheless, because the rendition papers set forth facts that satisfied the crime as defined in the Louisiana statute, the Supreme Court held that California, the asylum State, could inquire no further. This deference to the demanding State was required by 18 U.S.C. § 3182 (1982). The courts of Louisiana, rather than the courts of California, were to determine whether a crime had been committed. *California, supra* at 408, 411. See also *Drew* v. *Thaw*, 235 U.S. 432, 439-440 (1914) (whether the escape of a person committed to a mental institution is a crime is for the demanding State, not the asylum State).

We recognize that the issue whether a crime had been committed was one of fact in *California, supra,* and that here that question is one of law — the interpretation of the Connecticut statute. This distinction, however, is not crucial. Rendition is meant to be a "summary procedure." *California,* 482 U.S. at 407. To impose on a Massachusetts court the duty of a critical examination of the law of Connecticut to determine the by no means obvious question whether the offense charged is a crime or a "violation" in Connecticut is not, in our view, consistent with Congressional intent or the Supreme Court cases. *Id.* at 407-408. See also *Pierce* v. *Creecy*, 210 U.S. 387, 405 (1908); *Michigan* v. *Doran*, 439 U.S. at 289.

The Governor of Connecticut has certified that the petitioner was charged with a crime, punishable under Conn. Gen. Stat. § 53a-32, the affidavit supporting the information states that the petitioner has been charged by information with that crime, and the other documents required under c. 276,

---

[1] We do not consider whether 18 U.S.C. § 3182 (1982) or G. L. c. 276, § 14, would apply to an offense which is labeled a "violation" rather than a crime.

§ 14, are in order. In these circumstances the petitioner was not entitled to the writ.[2]

*Order denying petition for writ of habeas corpus affirmed.*

APPENDIX.

Conn. Gen. Stat. § 53a-32 (1987)

"§ 53a-32. *Violation of probation or conditional discharge: Arrest; procedure.* (a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any correctional center or other place of detention, shall be sufficient warrant for the detention of the defendant. After making such an arrest, such probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. Provisions regarding release on bail of persons charged with a crime shall be applicable to any defendant arrested under the provisions of this section. Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is

---

[2]Because of our holding, that for purposes of rendition we must accept Connecticut's determination that the petitioner has been charged with a crime, we need not reach his contention that the ex parte probable cause hearing which was held in Connecticut, see *Gerstein* v. *Pugh,* 420 U.S. 103, 120-123 (1975), does not comply with requirements of due process when rendition is sought for a violation of parole. See *Morrissey* v. *Brewer,* 408 U.S. 471, 486-487 (1972); *Gagnon* v. *Scarpelli,* 411 U.S. 778, 782 (1973). But see *Hayes, petitioner,* 18 Mass. App. Ct. 583, 588 (1984) ("it would be anomalous to hold that a probationer is afforded greater rights in rendition proceedings than those afforded a person accused — but not yet convicted — of a crime").

alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

*William C. Henchy* for the petitioner.
*Marc C. Laredo*, Assistant Attorney General, for the Commonwealth.